IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL COLLINS, 3rd, | No. C 07-4361 WHA (PR) |
| Plaintiff, | **DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| NAPA STATE HOSPITAL, | |
| Defendant. | |

This is a case filed by a patient at Napa State Hospital in Napa, California. Plaintiff has paid the filing fee.

**DISCUSSION**

*A. Standard of Review*

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

It is unclear whether plaintiff is a prisoner or not. "Prisoner" is defined in Section 1915A as "any person incarcerated or detained in any facility who is accused of, convicted of,

sentenced for, or adjudicated delinquent for, violation of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). Plaintiff says that his paranoid schizophrenia developed from a vicious attack on him in "my cell" in 1974. Thus is appears he was a prisoner at that time, but whether he is one now – that is, whether he is still serving his sentence – is unexplained. The Court will assume that he is a prisoner, but if that is incorrect, he should explain in the amendment which is permitted in the discussion below.

*A.     Legal claims*

Plaintiff alleges that he was given an accidental overdose of a medication. A week after the overdose he was called to the office of the Unit Supervisor, who told him about the overdose and that the would have to be monitored for safety reasons. Plaintiff alleges that because of his illness this caused him to believe that the "whole hospital" was plotting to kill him. He asserts that giving the overdose and being informed of it by someone who was not a doctor was malpractice and violated his Eighth Amendment rights.

The only defendant named is "Napa State Hospital." The hospital, being a state agency, cannot be sued in federal court. *See Wolfe v. Strankman*, 392 F.3d 358, 364(9th Cir. 2004) (Eleventh Amendment bars suits in federal court against state agencies). The complaint will be dismissed with leave to amend.

If plaintiff chooses to amend, he should bear in mind that [w]hile a complaint ... does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Plaintiff must "proffer enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

Only deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A claim of medical malpractice or negligence is insufficient to

make out a violation of the Eighth Amendment. Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004). To state a constitutional claim arising from the medical care given him, therefore, plaintiff must allege facts sufficient to make it "plausible" that defendants – whoever he might name – were deliberately indifferent to a serious medical need, rather than just having made a mistake.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims. If plaintiff contends he is not a prisoner within the meaning of 28 U.S.C. § 1915A, he should explain why he thinks that.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August  27 , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\COLLINS.DWLTA.wpd

3