IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL COLLINS, 3rd, | No. C 07-4361 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| DAN MARTIN, Unit Supervisor; ANNABELL, Registered Nurse; PHARMACY of NAPA STATE HOSPITAL, | |
| Defendants. | |

## INTRODUCTION

This is a civil rights case filed by a patient at Napa State Hospital ("NSH") in Napa, California, pursuant to 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and plaintiff filed a timely amended complaint.

## STATEMENT

Plaintiff alleges that on August 3, 2007, he went to the NSH Pharmacy to receive his ordinary dose of 25 milligrams of Risperidone. A registered nurse, whom he identifies only by her first name "Annabelle," administered the injection. On August 10, 2007, the Unit Supervisor, defendant Dan Martin informed plaintiff that he had accidentally been given an

1 "overdose" of 50 milligrams, and that he would be monitored until August 13 when a
2 psychiatrist would see him.  Plaintiff was seen by a psychiatrist, who opined that the 50
3 milligrams was not an "over-dose," but rather within an acceptable range of dosage for
4 plaintiff's condition.  Plaintiff states that he suffers from paranoid schizophrenia and as a result
5 was "traumatized" by being told he had been given an "overdose" of the medication.

## ANALYSIS

### A. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

It is unclear whether plaintiff is a prisoner or not.  "Prisoner" is defined in Section 1915A as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violation of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).  Plaintiff says that his paranoid schizophrenia developed from a vicious attack on him in "my cell" in 1974.  Thus is appears he was a prisoner at that time, but whether he is one now – that is, whether he is still serving his sentence – is unexplained.  The Court will assume that he is a prisoner, but if that is incorrect, he should explain in the amendment which is permitted in the discussion below.

### B. LEGAL CLAIMS

The original complaint was dismissed for two reasons.  First, plaintiff had only named NSH as a defendant, which cannot be sued in federal court because it is a state agency. *See Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004) (Eleventh Amendment bars suits in federal court against state agencies).  He was given leave to amend to name individual

defendants responsible for any alleged constitutional violations. He has cured this deficiency insofar as he has named two individual defendants – Nurse "Annabelle" and Unit Supervisor Dan Martin, whom he alleges were responsible for giving him the wrong dose of medication and for telling him he had an overdose. Plaintiff also includes as a defendant the NSH Pharmacy, which as part of NSH, is a state entity entitled to Eleventh Amendment immunity. *See ibid.* Consequently, the claims may not proceed against defendant NSH Pharmacy.

The second deficiency in the original complaint was that plaintiff claimed that he had been subject to medical malpractice. Only deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004). Plaintiff was informed that in order to state a constitutional claim arising from the medical care given him, therefore, he must allege facts sufficient to make it plausible that defendants – whoever he might name – were deliberately indifferent to a serious medical need, rather than just having made a mistake. In his amended complaint, however, plaintiff still alleges that he was subject to "medical malpractice," although he also alleges that defendants acted "maliciously." The allegations of malice are conclusory, however. He has alleged no facts suggesting that Annabelle knowingly administered the wrong dose or that Martin, who is not a psychiatric or medical professional, knew that he would unnecessarily traumatize plaintiff by telling him he had received an overdose of the drug. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to establish deliberate indifference plaintiff must show defendant knew of and disregarded substantial risk of serious harm to plaintiff). In addition, plaintiff alleges that a psychiatrist informed within three days that the dose he received was not harmful to him.

The circumstances alleged in the amended complaint do not state a cognizable claim that defendants were deliberately indifferent to his medical needs. Consequently, plaintiff's claims will be dismissed.

//

//

3

**CONCLUSION**

This case is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March  26 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\COLLINS4361.DSM.wpd